UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD BLOOMGARDEN<br>USP Coleman II<br>PO Box 1034<br>Coleman, FL  33521-1034,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS<br>  ADMINISTRATION<br>700 Pennsylvania Ave., NW<br>Washington, D.C.  20408-0001,<br><br>Defendant. | Civil No. |

## COMPLAINT

NOW COMES Howard Bloomgarden and, pursuant to Federal Rules of Civil Procedure Rule 8, complains as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, challenging the failure of the National Archives and Records Administration ("NARA"), 700 Pennsylvania Ave. NW Washington, DC  20408-0001, to fulfill the requests of Howard Bloomgarden for documents concerning former Assistant United States Attorney (AUSA) Raymond Granger.

### PARTIES

2. Plaintiff Howard Bloomgarden is a citizen of the United States currently in the custody of the United States Bureau of Prisons. Mr. Bloomgarden is in the process of (direct) appealing convictions in the State of California pursuant to a murder

prosecution styled at the trial level as *People v. Bloomgarden*, BA 12856401 (Los Angeles Super. Ct.) (the "California Prosecution").

3. The National Archives and Records Administration ("NARA") is an agency of the United States within the meaning of 5 U.S.C. § 552(f) and has its headquarters in this District. It has possession and control of records responsive to the FOIA request at issue.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## BACKGROUND

6. In 1995, Mr. Bloomgarden was the target of a joint criminal investigation involving the United States District Attorney's Office for the Eastern District of New York, the State of California, and other state and federal agencies.

7. In 1995, Mr. Bloomgarden agreed to conduct a series of proffer sessions because of express representations that the Eastern District of New York and California, among other entities, would be bound by the proffer agreement's terms, including evidentiary protections for information disclosed in the proffer, so that Mr. Bloomgarden could explore a potential plea.

8. After being presented with the proffer agreement by then Assistant U.S. Attorney Raymond Granger, which was purportedly signed on behalf of the United States and the State of California, Mr. Bloomgarden conducted several proffer sessions.

9. Former Assistant U.S. Attorney Granger, who coordinated the joint federal-state investigation, was terminated for cause in November 1995.

10. After Mr. Granger's termination, the California State's Attorney's Office indicated that Mr. Granger was not authorized to sign the proffer agreement on behalf of the relevant California Assistant District Attorney—i.e. essentially forged the signature—and, as such, the District Attorney's Office repudiated the proffer agreements.

11. Eventually, Mr. Bloomgarden pleaded guilty to federal drug, conspiracy and travel act charges to resolve the federal component of the investigation.

12. In the subsequent California Prosecution, the State of California charged Mr. Bloomgarden with capital murder and sought the death penalty. The State relied upon information obtained from Mr. Bloomgarden at trial, which resulted in a conviction; and in the death-penalty phase, which resulted in a jury verdict for life imprisonment.

13. The California State's Attorney's Office denies having any knowledge that former AUSA Granger entered into the proffer agreements on its behalf.

### STATUTORY FRAMEWORK

### The Freedom of Information Act

14. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

15. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of whether it will fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

16. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

17. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

18. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

19. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### NARA Request

20. By letter dated November 5, 2013, a true and correct copy of which is attached as Exhibit 1, Bloomgarden via his counsel requested from NARA records pertaining to a termination letter dated August 8, 1996 sent to AUSA Granger.

21. By letter dated December 9, 2013, NARA acknowledged plaintiff's request and assigned it FOIA case number RD 41513. NARA then identified three (3) letters responsive to Bloomgarden's request. However, NARA denied the information in full pursuant to FOIA Exemption 6. NARA provided plaintiff with his rights to file an administrative appeal.

22. By letter dated December 17, 2013, Bloomgarden via counsel filed an administrative appeal of the denial. In his appeal, plaintiff demonstrated that the public interest in the letters outweighed the privacy interests of Mr. Granger in the material and that the material should be released.

23. By letter dated February 7, 2014, a true and correct copy of which is attached as Exhibit 2, NARA addressed plaintiff's appeal. NARA affirmed the withholding of two of the responsive records pursuant to FOIA Exemption 6 but released one of the letters in full as NARA found "no significant privacy information" in the letter.

24. Plaintiff has exhausted his administrative remedies.

### PLAINTIFF'S CLAIM FOR RELIEF

25. Mr. Bloomgarden incorporates by reference each of the foregoing paragraphs as if fully set forth here.

26. Mr. Bloomgarden properly asked for records within defendant's control.

27. Mr. Bloomgarden is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

28. Defendant has not produced all the records responsive to Mr. Bloomgarden's FOIA requests.

29. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as Mr. Bloomgarden specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(2) Order the defendant to release all records responsive to plaintiff's FOIA request;

(3) Award plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Dated: 12/14/17

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502

Fax (413) 641-2833

*Attorney for Plaintiff*