# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD BLOOMGARDEN,<br>    Plaintiff<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br>    Defendant | Civil Action No. 17-2675 (CKK) |

**Memorandum Opinion**
(October 26, 2018)

This lawsuit arises from a Freedom of Information Act ("FOIA") request that Plaintiff Howard Bloomgarden made to Defendant National Archives and Records Administration ("NARA"). Plaintiff requested documents related to the 1995 termination of an Assistant United States Attorney ("AUSA"). In response to Plaintiff's FOIA request, Defendant identified three letters. Defendant eventually provided Plaintiff with one of the responsive letters but withheld the two remaining responsive letters, claiming that they fell under FOIA's Exemption 6 which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Plaintiff filed this suit, arguing that the two responsive letters are not exempt from FOIA. The parties have filed cross-motions for Summary Judgment on the issue of whether the two letters fall under Exemption 6 to FOIA.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as it currently stands, the Court DENIES Plaintiff's motion for summary judgment and GRANTS

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. for Summary Judgment, ECF No. [12] ("Def.'s Mot.");

1

Defendant's motion for summary judgment. The Court concludes that the letters are exempt from FOIA based on Exemption 6.

## I. BACKGROUND

In his FOIA request, Plaintiff seeks to acquire letters regarding the potential misconduct and termination of former AUSA for the Eastern District of New York ("EDNY") Raymond Granger. Plaintiff's FOIA request stems from a 1995 joint state-federal investigation into Plaintiff's possible involvement in criminal acts, which eventually lead to Plaintiff pleading guilty in the EDNY. Pl.'s Statement of Facts, ECF No. [13-2], 3. Mr. Granger was the lead prosecutor for the investigation. *Id.* at 2. But, Mr. Granger was removed from Plaintiff's case in 1995 and was soon thereafter terminated from his position with EDNY. *Id.* at 3.

Plaintiff has requested the termination materials related to Mr. Granger based on the belief that the materials may show that Mr. Granger engaged in misconduct regarding certain proffers that Plaintiff made to the federal and Los Angeles County prosecutors when Mr. Granger was leading the investigation. Compl., ECF No. [1], ¶¶ 10-13. If the termination materials show misconduct on the part of Mr. Granger, Plaintiff intends to use such information to help his effort to get a new trial before the California state court, where he was convicted of murder in 2014. Pl.'s Statement of Facts, ECF No. [13-2], 3-4.

---

- Pl.'s Mem. Of Points and Authorities in Support of his Opp'n to Def.'s Mot. for Summary Judgment and in Support of his Cross Mot. for Summary Judgment, ECF No. [13-3] ("Pl.'s Mot.");
- Reply in Further Support of Def.'s Mot. for Summary Judgment; and Opp'n to Pl.'s Cross-Mot. for Summary Judgment, ECF No. [15] ("Def.'s Reply");
- Pl.'s Reply in Support of Cross Mot. for Summary Judgment, ECF No. [17] ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

As part of his strategy in the California case, in 2007, Plaintiff initiated his first FOIA request seeking documents relating to Mr. Granger's termination. Pl.'s Mot, ECF No. [13-3], 12. The Department of Justice, which was in possession of a draft termination letter and related documents, withheld the documents as exempt under FOIA. In 2012, Plaintiff initiated suit seeking disclosure of the documents. The court ordered the release of approximately 3,600 pages of exhibits to the requested letter but concluded that the draft letter itself was exempt under FOIA. *Id.* at 12-13; *see generally Bloomgarden v. U.S. Dep't of Justice*, 874 F.3d 757 (D.C. Cir. 2017).

In 2013, Plaintiff initiated a new FOIA request, this time requesting from NARA documents related to Mr. Granger's termination. Pl.'s Statement of Facts, ECF No. [13-2], 4. Defendant indicated that three responsive letters had been found and that all three letters would be released to Plaintiff. Pl.'s Ex. DD, ECF No. [13-7], 78-79. But Defendant later explained that, upon further review, the letters were exempt from FOIA under Exemption 6. *Id.* at 80. The archivist who had initially agreed to release the letters had been newly hired, and after her supervisor reviewed the request, the supervisor determined that disclosure of the letters would cause an unwarranted invasion of Mr. Granger's personal privacy under Exemption 6. Dec. of Martha Wagner Murphy, ECF No. [12-2], Ex. G. Accordingly, Defendant refused to release the three letters. But, on administrative appeal, Defendant agreed to release one of the letters, finding that only two of the letters met the requirements of Exemption 6. *Id.*

Plaintiff continues seeking disclosure of the two letters pertaining to Mr. Granger's termination from the U.S. Attorney's Office. In 2017, Plaintiff brought action in this Court, asking the Court to conclude that Exemption 6 is inapplicable because the release of the letters

would not result in a clearly unwarranted invasion of Mr. Granger's privacy. Both parties have moved for summary judgment.

## II. LEGAL STANDARD

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *FBI v. Abramson*, 456 U.S. 615, 621 (1982). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 562 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 562 U.S. at 565 (citations omitted).

When presented with a motion for summary judgment in this context, the district court must conduct a "de novo" review of the record, which requires the court to "ascertain whether the agency has sustained its burden of demonstrating the documents requested are ... exempt from disclosure under the FOIA." *Multi Ag Media LLC v. U.S. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media*, 515 F.3d at 1227 (citation omitted). "If an agency's affidavit describes the justifications for withholding the information with specific

detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011). Summary judgment is proper when the pleadings, the discovery materials on file, and any affidavits or declarations "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. DISCUSSION

Plaintiff does not challenge the adequacy of Defendant's search for responsive records to Plaintiff's FOIA request. As such, the sole issue before the Court is whether the two, undisclosed letters regarding the termination of Mr. Granger from the U.S. Attorney's Office fall under FOIA Exemption 6. The Court has reviewed the two letters in camera. Considering the arguments of the parties, as well as the Court's own review of the letters, the Court concludes that the letters fall under FOIA Exemption 6 and were rightfully withheld.

Exemption 6 to FOIA allows government agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Fundamentally, "Exemption 6 is designed to protect personal information in public records." *Multi Ag Media*, 515 F.3d at 1228 (citations omitted). Exemption 6 is not limited to "a narrow class of files containing only a discrete kind of personal information[,]" but was "intended to cover detailed Government records on an individual which

5

can be identified as applying to that individual." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (citations omitted). So, when reviewing the withholding of records under Exemption 6, the Court first must determine whether the records in question are the sort of personnel, medical, or other records which are protected by the exemption.

Assuming the records at issue are of the type that fall within the ambit of Exemption 6, "the court must then determine whether their disclosure would constitute a clearly unwarranted invasion of personal privacy, which requires balancing the privacy interest that would be compromised by disclosure against any public interest in the requested information." *Wisdom v. U.S. Tr. Program*, 266 F. Supp. 3d 93, 108 (D.D.C. 2017) (citations omitted). In order for the exemption to apply, the Court must determine that the "disclosure of the files would compromise a substantial, as opposed to de minimis, privacy interest, because if no significant privacy interest is implicated FOIA demands disclosure." *Multi Ag Media*, 515 F.3d at 1229 (citations and alterations omitted). On the other side of the equation, the only relevant public interest in disclosure "is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (internal citations and alterations omitted).

Plaintiff does not appear to dispute whether the letters at issue are the type of "personnel" files that satisfy the threshold requirement of Exemption 6. 5 U.S.C. § 552(b)(6) (exempting "personnel and medical files and similar files"). But even if Plaintiff were to dispute that issue, this Court has treated termination letters as the type of "personnel" files included in the ambit of Exemption 6. *See Bloomgarden v. U.S. Dep't of Justice*, 874 F.3d 757, 759-61 (D.C. Cir. 2017) (treating a draft termination letter as falling under Exemption 6); *see also Stern v. FBI*, 737 F.2d

6

84, 89-90 (D.C. Cir. 1984) (explaining that requests for the disciplinary records of federal employees are analyzed under Exemption 6). Accordingly, Plaintiff's request for disclosure of the two letters should be analyzed under Exemption 6.

Because the two letters are the sort of documents potentially protected by Exemption 6, the Court must next determine whether disclosure of the two letters would constitute a clearly unwarranted invasion of privacy. To decide whether disclosure would constitute a clearly unwarranted invasion of privacy, the Court must balance Mr. Granger's privacy interest against the public's interest in having the information disclosed. *See Wisdom*, 266 F. Supp. 3d at 108.

In balancing Mr. Granger's privacy interest against the public's interest, the Court considers *Bloomgarden v. United States Dep't of Justice*, 874 F.3d 757 (D.C. Cir. 2017). That case involved Plaintiff's prior FOIA request, asking the Department of Justice for the release Mr. Granger's draft termination letter. The Court found that the draft letter was exempted from FOIA under Exemption 6. *Bloomgarden*, 874 F.3d at 760-61. Defendant argues that his prior FOIA case is irrelevant because the prior case involved a draft letter and this case involves the U.S. Attorney's Office's final determination. The Court agrees that Plaintiff's prior case is not controlling. But, the similarities between Plaintiff's prior case and this one make that court's analysis informative.

Looking first to Mr. Granger's privacy interest in the letters, it is an "indisputable proposition that disclosure of information identifying a particular attorney as the subject of a … disciplinary proceeding … would violate substantial privacy interests of the attorney." *Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 394 (D.C. Cir. 1987). Mr. Granger's privacy interest in the details of his termination is not lessened because the fact of his termination is already in the public domain. *Kimberlin v. U.S. Dep't of Justice*, 139 F.3d 944, 949 (D.C. Cir. 1998)

7

(disclosing a "staff-level government lawyer['s disciplinary file] ... would occasion an invasion of [his] privacy," even though he had already been publicly identified); *see also Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1092 (D.C. Cir. 2014) (former congressman's "privacy interest in the contents of [his] investigative files is not insubstantial" even though it was known that he was under investigation). Mr. Granger still has a privacy interest keeping the details of his termination private.

Plaintiff argues that, because Mr. Granger's termination occurred more than two decades ago, the passage of time has lessened Mr. Granger's privacy interest in the letters. But, the Court concludes that "[t]he passage of time, without more, does not materially diminish" Mr. Granger's privacy interest. *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 666 (D.C. Cir. 2003). And, plaintiff does not articulate additional factors which would lessen Mr. Granger's privacy interest. Mr. Granger's continuing privacy interest is especially apparent given that Mr. Granger is a currently-licensed, practicing attorney who would be interested in avoiding embarrassment and harm to his reputation and livelihood. Declaration of Martha Wagner Murphy, ECF No. [12-2], 10; *see also Rose*, 425 U.S. at 380-81 (explaining that ex-cadets who continue in military service have a heightened privacy interest in their student disciplinary files).

Considering next the public's interest, the Court concludes that the public's interest in the two letters is relatively low. When the information requested through FOIA relates to the misconduct of federal employees, the Court considers the rank of the employee and the seriousness of the allegations. *Kimberlin*, 139 F.3d at 949. Here, the alleged misconduct involves a former staff-level AUSA. Misconduct by a federal government attorney is always of some concern to the public. Federal government attorneys have their salaries paid by the taxpayer and have discretion in exercising the penal powers of the federal government. But, the public's

interest in the negligent job performance and unremarkable misconduct of a staff-level attorney is relatively low. *See Stern v. FBI*, 737 F.2d 84, 94 (D.C. Cir. 1984) ("There is a decided difference between knowing participation by a high-level officer in such deception and the negligent performance of particular duties by … lower-level employees.").

While the negligent job performance and unremarkable misconduct of a lower-level employee is of little public concern, the public does have an interest in knowing how the agency or department in question dealt with the misconduct. *Kimberlin*, 139 F.3d at 948. But, due to the two decades which have passed since Mr. Granger was terminated, the information contained in the requested letters will illuminate little about the current internal operations of the U.S. Attorney's Office. *See Cochran v. United States*, 770 F.2d 949, 959 n.15 (11th Cir. 1985) ("[T]here is a great public interest in insuring the dissemination of current, newsworthy information ... particularly when the information relates to the operations of government.").

Even though the letters are dated, there can still be public interest in exposing historic government activity and misconduct. *See, e.g., Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811-12 (9th Cir. 1995) (finding a strong public interest in a controversial investigation into student protestors twenty-five years earlier). But, the letters requested by Plaintiff have little to no historic import. Having read the letters, the Court concludes that they do not illuminate systemic failings or widespread misconduct on the part of the U.S. Attorney's Office. *Contrast with Bartko v. U.S. Dep't of Justice*, 898 F.3d 51, 66-67 (D.C. Cir. 2018) (finding a strong public interest where the requested documents evidenced a pattern of discovery abuses by the U.S. Attorney's Office). Instead, the letters pertain only to a single AUSA who was terminated over two decades ago for relatively unremarkable reasons. And, insofar as Plaintiff argues that the two letters should be disclosed based on the effect that disclosure may have on his own criminal case,

Plaintiff's personal reasons for requesting disclosure are not a consideration under the FOIA analysis. *See U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 (1994) (explaining that whether an invasion of privacy is warranted does not turn on the individual requester's purpose for making the FOIA request).

Considering both Mr. Granger's privacy interest and the public's interest in disclosure, the Court concludes that the equities weigh in favor of Mr. Granger's privacy interest. Exemption 6 protects personal information in an employee's file only if the disclosure of the information would create a "clearly unwarranted" invasion of privacy. 5 U.S.C. § 552(b)(6). Here, the invasion of privacy resulting from the disclosure of the two letters would be clearly unwarranted. Mr. Granger maintains a strong privacy interest in the information contained in his termination letters. His interest is especially strong given his continued work in the legal field. In contrast, the public's interest in the disclosure of the letters is relatively low. The letters relate only to the two-decades old termination of a lower-level government attorney. The letters do not show systemic failures or a larger pattern of misconduct on the part of the U.S. Attorney's Office. Accordingly, disclosure would not "contribut[e] significantly to public understanding of the operations or activities of the government" which is "the only relevant public interest in disclosure to be weighed." *Fed. Labor Relations Auth.*, 510 U.S. at 495 (internal citations and alterations omitted).

The Court finds that the above analysis applies equally to both of the requested letters. However, in his motion for summary judgment, Plaintiff attempts to distinguish the two letters. Plaintiff argues that, at a minimum, the April 4, 1997 letter should be disclosed as this letter relates to the "requesting of documents and the return of property," which does not implicate Mr. Granger's privacy interest. Pl.'s Mot, ECF No. [13-3], 17. But, the Court's review of this letter

shows that the letter also contains sensitive material relating to the circumstances surrounding Mr. Granger's termination and to other private information in Mr. Granger's personnel file. Moreover, insofar as Plaintiff argues that the letter primarily concerns the return of property, the corresponding public interest in this information would be extremely low. Accordingly, both letters meet the requirements of FOIA Exemption 6.

The Court must make a separate finding as to whether any portion of the two letters withheld in their entirety could have been segregated and released. *Trans-Pac. Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 10027-28 (D.C. Cir. 1999). "[E]ven if the agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record[s]." *Roth v. U.S. Dep't of Justice*, 643 F.3d 1161, 1117 (D.C. Cir. 2007). Having reviewed the two letters as well as the declaration by NARA employee Martha Wagner Murphy, the Court is satisfied that no reasonably segregable information has been withheld. Any non-exempt information contained in the two letters is "inextricably intertwined with exempt portions." *See Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

### IV. CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff's two requested letters were rightfully withheld under Exemption 6 to FOIA. As such, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. A separate order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge